Filed 3/25/22  P. v. Leite CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094428 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F09696) |
| v. | |
| ROSANN LEITE, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In 2006, a jury found defendant Rosann Leite guilty of first degree murder (Pen. Code, § 187, subd (a)).[1]  The jury found true special circumstance allegations that defendant was lying in wait with the intent to kill the victim (§ 190.2, subd. (a)(15)) and that defendant engaged in torture with the intent to kill (§ 190.2, subd. (a)(18)).

---

[1] Further undesignated statutory references are to the Penal Code.

1

Defendant filed a petition under section 1170.95 to have her murder conviction vacated and to be resentenced. The prosecutor filed an opposition to the petition, arguing that the special circumstance findings rendered defendant ineligible for resentencing as a matter of law and requesting dismissal of the petition. Defense counsel filed a reply, arguing a prima facie case had been made. The trial court denied the petition, finding defendant ineligible for resentencing based on its review of the record of conviction, including the prior appellate opinion, the probation report, and the evidence presented at trial. Defendant filed a timely appeal from that order.

## I. DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there were any arguable issues on appeal in accordance with *Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postconviction petition is an open question. Our Supreme Court has not spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Arguably, review pursuant to *Wende* or its federal constitutional counterpart, *Anders*, is required only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders/Wende* procedure we believed applicable to appeals from postconviction petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are

2

"no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras, supra,* at pp. 112-113.)

Because appellate counsel complied with her obligations, and defendant was advised of her right to file a supplemental brief, but did not do so, we consider defendant's appeal abandoned and order the appeal dismissed.

## II. DISPOSITION

The appeal is dismissed.


/S/

_____

RENNER, J.



We concur:


/S/

_____

BLEASE, Acting P. J.


/S/

_____

KRAUSE, J.

3